**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| **MIGUEL RAMIREZ, individually, and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **CASE NO.:** |
| **v.** | **CLASS ACTION** **DEMAND FOR JURY TRIAL** |
| **ONEMAIN FINANCIAL GROUP LLC,** | |
| **Defendant.** | |

## CLASS ACTION COMPLAINT

Plaintiff Miguel Ramirez ("Plaintiff" or "Mr. Ramirez") on behalf of himself and all others similarly situated, alleges the following based upon personal knowledge as to himself, upon information and belief, and the investigation of his undersigned counsel as to all other matters, and brings this class action against Defendant OneMain Financial Group LLC ("Defendant" or "OneMain"), as follows:

### I.       NATURE OF THE ACTION

1.       This Complaint seeks to use the protections provided to active-duty service members by the Military Lending Act, 10 U.S.C. § 987, *et seq.* ("MLA") to void Defendant's illegal installment loans made to thousands of soldiers.  The MLA was enacted to protect United States active-duty service members and their dependents[1] from predatory lending. Excessive debt endangers our nation's military readiness and impacts service member retention, morale, household stability, security clearances, and career advancement.

---

[1] Active-duty service members and their dependents are identified throughout the Complaint as "Covered Borrowers" as defined by 32 C.F.R. § 232.3(g)(1).

2. OneMain routinely violates the MLA in at least six (6) separate ways: (1) charging interest above the 36% statutory rate cap for the Military Annual Percentage Rate; (2) failing to provide any required MLA Disclosures; (3) including a Class Action Ban and Waiver of Jury Trial which is prohibited by the MLA; (4) including a mandatory binding arbitration clause which is prohibited by the MLA; (5) extending credit and servicing loans where the Covered Borrower's bank account is used as security for the loan; and (6) rolling over loans to a Covered Borrower using the proceeds of other credit extended by the same creditor. See, 10 U.S.C. § 987(b),(c),(e)(1)(2)(5)(6). Plaintiff's Loan Agreement and Disclosure Statement ("Agreement") is attached hereto as **Exhibit 1**.

3. To protect our active-duty service members and their families, Congress declared that any violation of the MLA renders that loan void from inception. 10 U.S.C. § 987(f)(3).

4. Upon information and belief, OneMain's business practices violate the MLA and are part of a systematic nationwide policy and practice.

## II.     JURISDICTION AND VENUE

5. This Court has Federal Question jurisdiction pursuant to the Military Lending Act under 10 U.S.C. § 987, *et seq.*

6. Venue and jurisdiction are proper in this District pursuant to 10 U.S.C. § 987 and 28 U.S. § 1391 and in this particular Division under L. Civ. R. 3(C). OneMain is a limited liability company subject to personal jurisdiction in this District because it transacts business in this District and Division. This Court possesses personal jurisdiction because OneMain deliberately and regularly conducts business, marketing, distributing, promoting and/or extends consumer credit, in and into Virginia and maintains a brick and mortar store located at 2189 Cunningham Drive, Hampton, Virginia 23666 from which it issued loans to numerous Class Members. Plaintiff

received loans at a location within this District and Division. OneMain has obtained the benefits of the laws of Virginia and profited substantially from Virginia commerce.

7.      Plaintiff's loan Agreement states: "Governing Law: This agreement shall be governed by the laws of the Commonwealth of Virginia and Federal law." **Ex. 1.**

### III.      PARTIES

8.      At all times relevant hereto, Plaintiff, Miguel Ramirez, was a natural person and resident of the City of Hampton, Virginia.

9.      At all times relevant hereto, Plaintiff was a Covered Borrower and an active-duty service member employed by the United States Army.

10.      Defendant OneMain is a foreign limited liability company operating in and into Virginia and its registered agent is located at 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060. OneMain's principal office is located at 100 International Drive, Floor 16, Baltimore, MD 21202.

11.      OneMain Financial Group LLC is exclusively owned by OneMain Financial Holdings Inc.

### IV.      OVERVIEW OF THE MILITARY LENDING ACT

12.      In August 2006, the Department of Defense ("DOD") pulled back the curtain on predatory lending and investigated loans directed at military families. In its Report (the "Report"),[2] the DOD uncovered a litany of financial issues plaguing our country's military families that directly resulted in a risk to our national security, including a finding that active duty service members had their clearances revoked or denied due to financial problems, and that there was a

---

[2] https://apps.dtic.mil/sti/pdfs/ADA521462.pdf

lack of military readiness and morale caused by excessive debt.[3] Shockingly, a five year study illustrated that between 2000-2005, financial issues resulted in a 1,600 percent increase in financial hardship among the families of Sailors and Marines.[4]

13.     As early as summer 2006, the Report identified serious issues with creditors and predatory lenders offering consumer products featuring high fees/interest rates and requiring military allotments as condition of a loan.[56]

14.     To curb usurious interest rates, excessive APR rates, and bogus fees, the DOD requested assistance from Congress.[7] "Specifically, lenders should not be permitted to base loans on prospective bad checks, electronic access to bank accounts, mandatory military allotments, or titles to vehicles."[8]

15.     Predatory lenders make loans based on access to assets (through checks, bank accounts, car titles, tax refunds, etc.) and guaranteed continued income, but not on the ability of the borrower to repay the loan without experiencing serious financial difficulties.[9]

16.     For decades, the DOD requested increased statutory protections for Covered Borrowers from unfair, deceptive lending practices, and usurious interest rates and to require uniform disclosure of credit costs and terms.  The MLA was passed by Congress to protect service members from unfair and deceptive and excessively priced loans.

## V.     FACTS

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Dr. William O. Brown, Jr., and Dr. Charles B. Cushman, Jr., "Payday Loan Attitudes and Usage Among Enlisted Military Personnel," Consumer Credit Research Foundation, June 27, 2006, p. 10

[7] *Id.*

[8] https://apps.dtic.mil/sti/pdfs/ADA521462.pdf

[9] *Id.*

### A.      Plaintiff's Loans

17.     In just over four (4) years, Defendant extended Plaintiff at least five loans[10] and refinanced the most recent loan at issue using the same extended credit in violation of 10 U.S.C. § 987(e)(1). Each of Defendant's loans to Plaintiff violate the MLA. Defendant provided these loans to Plaintiff without a credit check, without conducting any underwriting, and without providing him with the MLA disclosures required by 10 U.S.C. § 987(c).

18.     All of Defendant's loans required Plaintiff to waive his right to a jury trial and prohibit him from participating in a class action in violation of 10 U.S.C. § 987(e)(2), and require him to submit to mandatory binding arbitration in violation of 10 U.S.C. § 987(e)(3).

19.     Upon information and belief, all of Defendant's loans to Plaintiff exceed 36 percent MAPR. Specifically, in each of Defendant's loans to Plaintiff, it failed to include an application processing fee within its MAPR calculation. Additionally, Defendant's loans required a 5 percent fee calculated against the entire loan as a penalty for each late payment. As a result, all of Plaintiff's loans exceed the MLA's statutory rate cap of 36 percent MAPR.

20.     On or around February 6, 2020, Plaintiff appeared at Defendant's brick and mortar store located at 2189 Cunningham Drive Hampton, VA 23666. At that time, Plaintiff met with a OneMain representative and was provided with a credit application. Defendant approved Plaintiff's credit application and extended his fifth and current installment loan ("Loan").

21.     Upon information and belief, Defendant extended Plaintiff's Loan via its standard form Agreement on February 6, 2020. Upon information and belief, the Loan was secured by

---

[10] **Exhibit 1** reflects Plaintiff's most recent loan with Defendant. Plaintiff does not possess copies of his first four (4) loans.

Plaintiff's bank account in the amount of $8,926.56. The Loan was to be paid within 48 months and Defendant charged Plaintiff an MAPR over 36 percent.

22.     The Defendant's Loan exceeded the MLA statutory interest rate cap of 36 percent[11] MAPR in violation of 10 U.S.C. § 987(b).

23.     The Defendant's Loan failed to include mandatory MLA loan disclosures in violation of 10 U.S.C. § 987(c).

24.     The Defendant rolled over, renewed, repaid, refinanced, and/or consolidated the Loan into a refinance loan (using funds from a previous Loan issued by the Defendant) in violation of 10 U.S.C. § 987(e)(1). Specifically, Defendant refinanced Plaintiff's fourth loan (extended on January 21, 2020), using proceeds from the Loan that it extended to Plaintiff.

25.     The Defendant's Loan required Plaintiff to waive his rights to legal recourse under state and federal law by prohibiting him from participating in a class action or jury trial in violation of 10 U.S.C. § 987(e)(2).

26.     The Defendant's Loan required Plaintiff to submit to mandatory binding arbitration in violation of 10 U.S.C. § 987(e)(3).

27.     In exchange for the Loan, Plaintiff was required to provide the Defendant with a security interest in his bank account as a condition of the loan in violation of 10 U.S.C. § 987(e)(5).

28.     All of Plaintiff's loans were used to cover debt and expenses related to his personal, household, and/or family needs.

**B.     OneMain's Business Model**

---

[11] Defendant failed to apply its application processing fee within its MAPR calculation.

29.     OneMain primarily offers unsecured installment loans. It originates and services loans that typically range from $1,500 to $20,000 with terms from 30 days to 48 months. OneMain operates in 44 states and maintains over 1,500 stores.[12]

30.     OneMain extends consumer credit through closed-end installment loans which are subject to the requirements of the MLA when made to a Covered Borrower, including but not limited to: interest rate cap of 36 percent MAPR, mandatory MLA disclosures, prohibitions against eliminating legal remedies under state and federal law and requiring mandatory arbitration.

31.     As OneMain knows, the Code of Military Conduct requires active-duty service members to pay their debts. If an active-duty service member fails to pay his or her debts, the service member may lose his or her security clearance, job, rank, pay, etc.

C.      **The Military Lending Act Prohibits OneMain's Loans**

32.     Plaintiff and the Class Members are "Covered Borrowers," subject to the protections and limitations imposed by the MLA. A covered borrower is a consumer who, at the time the consumer becomes obligated on a consumer credit transaction or establishes an account for consumer credit, is a covered member of the armed forces or a dependent of a covered member (as defined in 32 CFR 232.3(g)(2) and (g)(3)).

33.     Plaintiff is considered a "covered borrower" with respect to the OneMain loans at issue because Plaintiff is an active-duty service member who is obligated by Virginia law to repay loans that were given to him for personal, family or household purposes.

34.     Defendant is a "creditor" subject to the requirements and limitations imposed by the MLA in that it engages in the business of extending consumer credit to covered borrowers under the protection of the MLA. 10 U.S.C. § 987(i)(5); *also* 32 C.F.R. § 232.3(i).

---

[12] https://www.onemainfinancial.com/branches

35.     The underlying loan transactions at issue in this case constitute "consumer credit" subject to the protections and limitations imposed by the MLA because they are "credit offered or extended to a covered borrower primarily for personal, family, or household purposes," that is subject to a finance charge or payable by written agreement in more than four installments and does not qualify for any of the identified exceptions. 32 C.F.R. § 232.3(f)(1)(i); *also* 10 U.S.C. § 987(i)(6).

## VI.     CLASS ALLEGATIONS

36.     Plaintiff brings this case as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed class includes:

> All MLA Covered Borrowers in the United States that entered into a Loan Agreement and Disclosure Statement in substantially the same form as **Exhibit 1** and paid interest on the loan in the five years preceding the filing of this Complaint.

37.     Expressly excluded from the Class are: (a) any Judge presiding over this action and members of their families; (b) Defendant and any entity in which Defendant has a controlling interest, or which has a controlling interest in Defendant, and its legal representatives, assigns and successors; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

38.     The Class period is five (5) years prior to the original filing date of this action.

39.     Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

## A.     Rule 23(a) Criteria

40.     **Numerosity**. OneMain's scheme has harmed and continues to harm Covered Borrowers.  The members of the proposed Class are so numerous that joinder of all members is impracticable.

41.     The exact number of Class members is unknown as such information is in the exclusive control of the Defendant.  However, upon information and belief, OneMain has issued and collected interest on thousands of loans to Covered Borrowers in a manner that violates the MLA.

42.     Due to the nature of the consumer loans involved and the fact that OneMain has more than 1,500 locations, in at least 44 states, including locations deliberately located near military bases, and provides loans to Covered Borrowers stationed worldwide, Plaintiff believes the Class consists of easily thousands of consumers. Defendant's locations are geographically dispersed throughout the United States making joinder of all Class members impracticable.

43.     **Commonality**. Common questions of law and fact affect the right of each Class member and common relief by way of damages is sought for Plaintiff and Class members.

44.     The harm that OneMain has caused or could cause is substantially uniform with respect to Class members. Common questions of law and fact that affect the Class members include, but are not limited to:

a.     Whether Plaintiff and the Class members are "covered borrowers," "covered members," and "dependents," subject to the protections and limitations of the MLA;

b.     Whether Defendant is a "creditor" subject to the protections and limitations of the MLA;

c.     Whether Defendant's loans constitute an extension of "consumer credit" subject to the protections and limitations of the MLA;

d.     Whether OneMain entered into standard form Agreements with Covered Borrowers;

e.      Whether Defendant's loans exceed the MLA statutory rate cap of 36% MAPR;

f.      Whether Defendant failed to provide required MLA disclosures in violation of the MLA;

g.      Whether Defendant's standard form Agreements contain a class waiver provision or jury trial waiver provision in violation of the MLA;

h.      Whether Defendant's standard form Agreements contain a binding arbitration clause in violation of the MLA;

i.      Whether Defendant rolls over, renews, repays, refinances, or consolidates any consumer credit extended to an existing Covered Borrower using the proceeds of other OneMain loans;

j.      Whether OneMain's loans are conditioned upon giving OneMain a security interest in the Covered Borrower's bank account;

k.      Whether Defendant's loans to Covered Borrowers are unlawful and void from inception due to violations of the MLA;

l.      Whether members of the Class have sustained damages and, if so, the proper measure of such damages;

m.      Whether Defendants are subject to punitive damages, and, if so, the proper measure of such damages and remedies to which Plaintiff and the Class are entitled to under 10 U.S.C. § 987(f)(5);

n.      Any declaratory and/or injunctive relief to which the Classes are entitled.

45.     **Typicality**. The claims and defenses of the representative Plaintiff are typical of the claims and defenses of the Class because Plaintiff is a Covered Borrower and his installment

loan transactions with the Defendant were typical of the type of personal, household, or family loans that Defendant normally provides to Covered Borrowers.  The documents involved in the transaction were standard form documents and the violations are statutory in nature. Plaintiff suffered damages of the same type and in the same manner as the Class he seeks to represent. There is nothing peculiar about Plaintiff's claims.

46.     **Adequacy**. The representative Plaintiff will fairly and adequately assert and protect the interests of the Class. Plaintiff has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class and Plaintiff has no conflict of interest that will interfere with maintenance of this class action.

**B.     Rule 23(b) Criteria**

47.     **Predominance and Superiority**. A class action provides a fair and efficient method for the adjudication of this controversy for the following reasons:

    i    The common questions of law and fact set forth herein predominate over any questions affecting only individual Class members.  The statutory claims under the MLA require a simple identification of those consumers who are Covered Borrowers under the statute, and an act in violation of the MLA.

    ii    Moreover, Plaintiff can identify members of each class once Defendant provides a list of all Covered Borrowers with standard form Loan Agreements where OneMain's interest exceeds the statutory rate cap of 36%, OneMain did not provide MLA disclosures, where OneMain refinanced the loan using other consumer credit that it had extended to the Covered Borrower, where OneMain requires the Covered Borrower to

waive their right to a jury trial or to participate in a class action, where OneMain's agreements contains a binding arbitration clause, and where OneMain required a Covered Borrower to identify their bank account as a security interest;

iii OneMain's standard form Agreements that show an interest rate that exceeds 36% MAPR would easily identify the Class;

iv OneMain's standard form Agreements that fail to include MLA disclosures would easily identify the Class;

v OneMain's standard form Agreements that show OneMain used other consumer credit that it had extended to the same Covered Borrower to refinance or roll-over into a new loan would easily identify the Class;

vi OneMain's standard form Agreements that contain clauses banning a Covered Borrower from participating in a Class Action or Jury Trial would easily identify the Class;

vii OneMain's standard form Agreements that contain an Arbitration clause would easily identify the Class;

viii OneMain's standard form Agreements that require the Covered Borrower's bank account as a security interest as a condition of a loan would easily identify the Class;

ix Plaintiff can identify members of the Class once he receives a list of all Covered Borrowers and their related loan Agreements;

x There are no unusual legal or factual issues that would create manageability problems;

xi      Prosecution of thousands of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendant and could create incompatible standards of conduct;

xii     Adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications, or substantially impair their ability to protect their interests; and

xiii    The claims of the individual Class members are small in relation to the expenses of litigation, making a Class action the only procedural method of redress in which Class members can, as a practical matter, recover.

48.    Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making declaratory relief and corresponding final injunctive relief under Rule 23(b)(2) appropriate with respect to the Class as a whole. Defendant should be enjoined from making loans to Covered Borrowers in violation of the MLA and a declaration should be made that the loans are void from inception.

## COUNT I
### Violation of the Military Lending Act
### 10 U.S.C. § 987, *et seq.*
### (The Class)

49.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-48, as if set forth fully herein.

50.    Plaintiff was a "covered borrower" and "covered member" as those terms are defined pursuant to 32 C.F.R. § 232.3(g)(1) and (g)(3), 10 U.S.C. § 1072(2)(A).

51.     OneMain was a "creditor" which extended "consumer credit" to Plaintiff as those terms are defined in 32 C.F.R. §232.3(h) and (i).

52.     Defendant violates the MLA in at least six (6) separate ways: (1) charging interest above the 36% statutory rate cap for the Military Annual Percentage Rate; (2) failing to provide any required MLA Disclosures; (3) including a Class Action Ban and Waiver of Jury Trial which is prohibited by the MLA; (4) including a mandatory binding arbitration clause which is prohibited by the MLA; (5) extending credit and servicing loans where the Covered Borrower's bank account is used as security for the loan; and (6) rolling over loans to a Covered Borrower using the proceeds of other credit extended by the same creditor. See, 10 U.S.C. § 987(b),(c),(e)(1)(2)(5)(6).

**A.      Interest Rate Cap Violations**

53.     Military annual percentage rate or MAPR is the cost of the consumer credit expressed as an annual rate, and shall be calculated in accordance with § 232.4(c).

54.     Moreover, Computing the MAPR in closed-end credit shall be calculated following the rules for calculating and disclosing the "Annual Percentage Rate (APR)" for credit transactions under Regulation Z based on the charges set forth in paragraph (c)(1) of 32 C.F.R. 232.4.

55.     To calculate MAPR, a creditor must start with the APR calculation and include: (1) any amount financed, finance charges, and processing fees associated with the application of a loan; and (2) any fee for a credit-related ancillary product sold in connection with the credit transaction for closed-end credit. 32 C.F.R. Section 232.4(c). OneMain did not include its application processing fee in its MAPR calculation on Plaintiff's loans.

56.     OneMain calculated Plaintiff's Annual Percentage Rate at 35.99% and failed to include all costs of credit. Exhibit 1. However, when the loan information in Exhibit 1 is entered

into an MAPR calculator to include all costs of credit, application processing fees, and finance charges, Plaintiff's actual MAPR is 37.372%:[13]



57.     OneMain's Loan to Plaintiff violated the MLA and Plaintiff suffered actual damages by paying interest on a loan in excess of the MLA statutory rate cap of 36% MAPR.

58.     Each payment that Plaintiff and the Class made to repay interest on OneMain's illegal loans constitutes a separate and independent violation of the MLA and for voiding the loan agreements of Plaintiff and the Class.

---

[13] https://www.cchwebsites.com/content/calculators/LoanMAPR.html (March 28, 2024).

59.     Accordingly, all of Defendant's Agreements to Class Members that contain an MAPR that exceeds 36 percent are void, must be rescinded with restitution paid for all amounts paid by Plaintiff and Class Members to OneMain.

60.     Upon information and belief, some or all of Plaintiff's other loans exceed 36 percent MAPR. All of Plaintiff's installment loans that exceed 36% are void from inception.

**B.     MLA Disclosure Violations**

61.     10 U.S.C. § 987(c)(1)(A) and 32 C.F.R. § 232.6 makes mandatory the following disclosures in all extension of consumer credit to Covered Borrowers:

(a) Required information. With respect to any extension of consumer credit (including any consumer credit originated or extended through the internet) to a covered borrower, a creditor shall provide to the covered borrower the following information before or at the time the borrower becomes obligated on the transaction or
establishes an account for the consumer credit:

(1) A statement of the MAPR applicable to the extension of consumer credit;

(2) Any disclosure required by Regulation Z, which shall be provided only in accordance with the requirements of Regulation Z that apply to that disclosure; and

(3) A clear description of the payment obligation of the covered borrower, as applicable. A payment schedule (in the case of closed-end credit) or account-opening disclosure (in the case of open-end credit) provided pursuant to paragraph (a)(2) of this section satisfies this requirement.

….

(c) Statement of the MAPR—

(1) In general. A creditor may satisfy the requirement of paragraph (a)(1) of this section by describing the charges the creditor may impose, in accordance with this part and subject to the terms and conditions of the agreement, relating to the consumer credit to calculate the MAPR. Paragraph (a)(1) of this section shall not be construed as requiring a creditor to describe the MAPR as a numerical value or to describe the total dollar amount of all charges
in the MAPR that apply to the extension of consumer credit.

(2) Method of providing a statement regarding the MAPR. A creditor may include a statement of the MAPR applicable to the consumer credit in the agreement with the covered borrower involving the consumer credit transaction. Paragraph (a)(1) of this section shall not be construed as requiring a creditor to include a statement of the MAPR applicable to an extension of consumer credit in any advertisement relating to the credit.

(3) Model statement. A statement substantially similar to the following statement may be used for the purpose of paragraph (a)(1) of this section: "Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account)."

62.     Plaintiff's standard form Loan Agreement does not contain any "Statement of MAPR" either in the form of the charges necessary to calculate the MAPR or through the including of the MLA Model Statement. Ex. 1.

63.     Upon information and belief, at the time of the extension of consumer credit, none of OneMain's standard form Agreements to Plaintiff and the Class contained any "Statement of MAPR" either in the form of the charges necessary to calculate the MAPR or through the inclusion of the MLA Model Statement.

64.     Within five (5) years of the original filing date of this case, OneMain violated the MLA and its implementing regulations by extending consumer credit without any MLA disclosures in violation of 10 U.S.C. § 987(c); 32 C.F.R. § 232.6(a) and (c).

65.     OneMain's standard form Agreements do not contain any MLA disclosures or statements as required by 32 C.F.R. § 232.6(c)(3).

66.     At the time of the extension of consumer credit, OneMain never delivered written or oral MLA disclosures as required by 32 C.F.R. § 232.6(d)(1) and (2).

67.    At the time of the extension of consumer credit, OneMain never delivered any MLA disclosures when it refinanced loans as required by 32 C.F.R. § 232.6(e).

68.    At the time of the extension of consumer credit, in all of Plaintiff's and the Class Members' loans, OneMain's standard form Agreements failed to contain any MLA disclosures.

69.    At the time of the extension of consumer credit, OneMain never delivered written or oral MLA disclosures to Plaintiff and the Class as required under the MLA.

70.    As a result of OneMain's failure to provide mandatory MLA disclosures, OneMain violated the MLA and Plaintiff and Class Members suffered actual damages.

71.    Accordingly, all of Defendant's Agreements that fail to contain MLA disclosures are void, must be rescinded with restitution paid for all amounts paid by Plaintiff and Class Members to OneMain.

**C.    Class Action Ban and Waiver of Jury Trial Violations**

72.    10 U.S.C. § 987(e)(2) of the MLA prohibits creditors from requiring Covered Borrowers to "waive the borrower's rights to legal recourse under any otherwise applicable provision of State or Federal law."

73.    Plaintiff's standard form Loan Agreement includes a class action waiver provision which specifically required Plaintiff and all Class Members to agree:

> G. LIMITATION OF PROCEEDINGS. Lender and I further agree that the arbitrator will be restricted to resolving only the claims, disputes, or controversies between lender and me and the other parties covered by this particular Agreement (and not by similar agreements) Arbitration is not available and shall not be conducted on a class-wide basis or consolidated with other claims or demand of other persons I agree not to participate in a representative capacity or as a member of any class of claimants pertaining to any Covered Claim. To the extent that this class action waiver provision is found to be unenforceable, then the entirety of this Arbitration Agreement shall be null and void. The determination of the validity of the enforceability of this class action waiver is to be made by the court and not the arbitrator.

**Ex. 1.**

74.     Additionally, Plaintiff's standard form Loan Agreement includes a section titled "Arbitration Agreement and Waiver of Jury Trial." Ex. 1. Defendant's jury trial waiver provision specifically required Plaintiff to agree:

> UNDER THIS AGREEMENT, BOTH LENDER AND I ARE VOLUNTARILY WAIVING ANY RIGHT TO A JURY TRIAL OR JUDGE TRIAL OF ALL CLAIMS AND DISPUTES COVERED BY THIS ARBITRATION AGREEMENT AND WAIVER OF JURY TRIAL ("this Arbitration Agreement") TO THE FULLEST EXTENT PERMITTED BY LAW.

**Ex. 1.**

75.     Upon information and belief, at the time of the extension of consumer credit, all of OneMain's standard form Agreements required Class Members to waive their rights to participate or bring a class action or waive their rights to a jury trial.

76.     The right to participate in a class action and jury trial stem from the Rules of Civil Procedure under both State and Federal law, including the right to bring this class action under the MLA.

77.     As a result of unlawfully requiring Covered Borrowers to waive their rights to file or participate in any class action lawsuit or jury trial in violation of 10 U.S.C. § 987(e)(2) of the MLA, the Defendant's Agreements issued to Plaintiff and the Class are "void from inception" pursuant to 10 U.S.C. § 987(f)(3) and 32 C.F.R. § 232.9(c).

78.     Accordingly, all of Defendant's Agreements that contain a Class Action Waiver and/or Jury Trial Waiver are void, must be rescinded with restitution paid for all amounts paid by Plaintiff and Class Members to OneMain.

**D.     Mandatory Binding Arbitration Clause Violations**

79.     10 U.S.C. § 987(e)(3) of the MLA prohibits creditors like OneMain from requiring Covered Borrowers to submit to mandatory arbitration.

80.     OneMain's standard form Agreements include a binding mandatory arbitration clause with no exceptions for Covered Borrowers under the MLA, including all loans entered into with Plaintiff.

81.     Plaintiff's standard form Loan Agreement with OneMain includes section "C" titled "ARBITRATION AGREEMENT AND WAIVER OF JURY TRIAL" and the arbitration provision, in part, states:

> BY SIGNING BELOW, I SIGNIFY THAT I HAVE READ, UNDERSTOOD, AND AGREED TO THE TERMS AND CONDITIONS OF THIS AGREEMENT, INCLUDING THE ARBITRATION AGREEMENT THAT PROVIDES, AMONG OTHER THINGS, THAT EITHER LENDER OR I MAY REQUIRE THAT CERTAIN DISPUTES BETWEEN US BE SUBMITTED TO BINDING ARBITRATION. IF LENDER OR I ELECT TO USE ARBITRATION, WE AGREE THAT WE WILL HAVE THEREBY WAIVED OUR RIGHTS TO TRIAL BY JURY OR JUDGE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW. THAT THE DISPUTE WILL BE DECIDED BY AN ARBITRATOR, AND THAT THE DECISION OF THE ARBITRATOR WILL BE FINAL. ARBITRATION WILL BE CONDUCTED PURSUANT TO THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, EXCEPT AS OTHERWISE PROVIDED IN THE ARBITRATION AGREEMENT.

**Ex. 1.**

82.     The Loan Agreement between OneMain and Plaintiff totals six pages, and OneMain's mandatory arbitration provision appears on four of those six pages.

83.     As a result of unlawfully requiring Covered Borrowers to enter into loan agreements containing mandatory arbitration provisions in violation of 10 U.S.C. § 987(e)(3) of the MLA, the loan agreements of Plaintiff and all Class Members are "void from inception" pursuant to 10 U.S.C. § 987(f)(3) and 32 C.F.R. § 232.9(c), and must be rescinded with restitution paid for all amounts paid by Plaintiff and Class Members to OneMain.

### E.      Refinance Loan Violations

84.      Plaintiff's Loan constitutes a refinance loan or roll-over loan in that it uses proceeds of other consumer credit extended by OneMain to Plaintiff. OneMain rolled over, renewed, repaid, refinanced, or consolidated Plaintiff's Loan in violation of 10 U.S.C. § 987(e)(1).

85.      Each time that OneMain rolled over, renewed, repaid, refinanced, or consolidated Plaintiff's loans constitutes a separate and independent violation of 10 U.S.C. § 987(e)(1).

86.      Plaintiff's standard form Loan Agreement issued by OneMain unlawfully permitted him to roll-over, renew, repay, refinance, or consolidate his OneMain loans using proceeds from other credit extended by OneMain.

87.      Accordingly, all of Defendant's Agreements issued to Plaintiff and the Class where it refinanced or rolled over a loan using proceeds of other consumer credit that it extended to the same Covered Borrower are void and must be rescinded with restitution paid for all amounts paid by Plaintiff and Class Members to OneMain.

### F.      Security Interest Violations

88.      As a condition of its Loan, OneMain required Plaintiff to identify his bank account as a security interest in violation of 10 U.S.C. § 987(e)(5).

89.      Accordingly, all of Defendant's Agreements that required Plaintiff and the Class to identify their bank account as a security interest as a condition of a loan are void, must be rescinded with restitution paid for all amounts paid by Plaintiff and Class Members to OneMain.

90.      The MLA's "Penalties and remedies" subsection provides, in part, that "any credit agreement, promissory note, or other contract prohibited under this section is void from the inception of such contract." 10 U.S.C. §987(f)(3).

91.     Accordingly, all Class members' standard form Agreements that contain one or more of the six (6) violations mentioned herein are void and must be rescinded with restitution for all amounts paid by Plaintiff and Class Members to OneMain.

92.     Each and every payment made by Plaintiff and Class members on the void loan Agreements constitutes a separate and independent violation of the MLA.

93.     As a direct and proximate cause of OneMain's violations, Plaintiff and the Class are entitled to actual damages of not less than $500 for each separate violation, as well as punitive damages and declaratory relief pursuant to 10 U.S.C. § 987(f)(5)(A).

94.     Plaintiff and the Class are entitled to attorneys' fees and costs pursuant to 10 U.S.C. § 987(f)(5)(B).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

A.     Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing undersigned attorneys and their firms as Class Counsel;

B.     Declaring that Defendant violated the MLA, and adjudging that Plaintiff and Class Members' standard form Agreements are void and determining appropriate relief in the form of rescission and restitution.

C.     Adjudging that Defendant violated the MLA and award Plaintiff and Class members actual damages of not less than $500 for each separate and independent violation pursuant to 10 U.S.C. § 987(f)(5)(A)(i);

D.      Adjudging that Defendant violated the MLA and award Plaintiff and Class Members punitive damages pursuant to 10 U.S.C. § 987(f)(5)(A)(ii);

E.      Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees and costs incurred in this action pursuant to 10 U.S.C. § 987(f)(5)(B);

F.      Enjoin the Defendant from further financing to Covered Borrowers where it refinances loans using proceeds of other credit that it offered to consumers;

G.      Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

H.      Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: April 2, 2024                          Respectfully submitted,

**CONSUMER LITIGATION
ASSOCIATES, P.C.**

By: */s/ Drew D. Sarrett*
Drew D. Sarrett, VSB #81658
626 E. Broad Street, Suite 300
Richmond, VA 23219
Phone: (804) 905-9900
Facsimile: (757) 930-3662
Email: drew@clalegal.com

Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
Mark C. Leffler, VSB #40712
John Justin Maravalli, VSB # 99000
Adam Short, VSB # 98844
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA  23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
Email: mark@clalegal.com
Email: john@clalegal.com
Email: adam@clalegal.com

**VARNELL & WARWICK, P.A.**
Brian Warwick, FBN: 605573
(*pro hac vice forthcoming*)
Janet Varnell, FBN: 71072
(*pro hac vice forthcoming*)
Christopher J. Brochu, FBN: 1013897
(*pro hac vice forthcoming*)
400 N. Ashley Drive, Suite 1900
Tampa, Florida 33602
Telephone: 352-753-8600
Email: bwarwick@vandwlaw.com
Email: jvarnell@vandwlaw.com
Email: cbrochu@vandwlaw.com

***Attorneys for Plaintiff and on behalf of all
others similarly situated***